**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

WILLIAM R. KERBY,                              :

               Petitioner,              :          Case No. 3:08cv287

     vs.                                  :          District Judge Thomas M. Rose
                                        Magistrate Judge Sharon L. Ovington

TIMOTHY BRUNSMAN,                     :
     WARDEN,
                                :

               Respondent.            :

                                :

# REPORT and RECOMMENDATIONS[1]

    This matter is before the Court on Petitioner William R. Kerby's *pro se* petition for writ of habeas corpus (Doc. #1); Respondent Timothy Brunsman's answer/return of writ (Doc. #6); and the record as a whole.

## FACTUAL AND PROCEDURAL BACKGROUND/THE PARTIES' CLAIMS

    On Petitioner's first direct appeal from his state criminal conviction underlying this matter, the Court of Appeals for Clark County, Ohio, set forth the following presumptively correct[2] findings of fact:

---

    [1]Attached hereto is NOTICE to the parties regarding objections to this Report and Recommendations.

    [2]The state court's factual findings "shall be presumed to be correct," and Petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1); *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040

On November 27, 2001, three men entered the Family Video Store on Selma Road in Springfield and attempted an armed robbery.  One of the store employees, Chad Kautz, was shot and killed by the perpetrators.  Another employee, Matthew Brown, was injured.

Defendant, William Kerby, was arrested on December 13, 2001, on suspicion of committing the armed robbery and the other crimes arising from it.  One of the other suspects arrested was defendant's brother, Carlos Kerby.  The third was Jawhan Massey.

Defendant was brought to police headquarters, where officers advised him of his *Miranda* rights.  Defendant Kerby acknowledged and waived his rights.  Police interrogation commenced, but shortly after it did Defendant invoked his right to remain silent, indicating that he wished to answer no further questions.  The interrogation was terminated.

Police interrogation of Defendant Kerby was resumed several hours later, allegedly at his instance.  Defendant made statements incriminating himself in the crimes committed at the Family Video Store on November 27, 2001.

The day following his confession to police and while he was in the county jail, Defendant agreed to a press request for an interview.  Police recorded the interview with a video camera.  Defendant made further incriminating statements in the press interview.

Defendant was indicted on multiple offenses on December 26, 2001.  The Clark County Public Defender was appointed to represent him.  The court set a trial

---

(1999).

> date of February 13, 2002.  Several days later defense
> counsel moved for a continuance.  The motion was
> heard on February 5, 2002.  At that hearing, Defendant
> also waived his speedy trial rights.  The trial court
> subsequently set a new trial date of September 3, 2002.
>
> The assigned trial date, September 3, 2002, passed
> without a trial being held.  Thereafter, Defendant filed
> another speedy trial waiver as well as several
> procedural motions, including motions to suppress
> evidence, which operated to toll Defendant's statutory
> speedy trial time.
>
> On July 15, 2003, Defendant entered pleas of no contest
> to the offenses with which he was charged, after the
> firearm specifications attached to all but the aggravated-
> murder charge were deleted by the state.  The court
> found Defendant guilty of all the charges and sentenced
> him to a total aggregate sentence of life imprisonment
> with an eligibility for parole after having served [29]
> years.

(Doc. #6, Exh. 11 at pp. 3-4); *State v. Kerby*, 833 N.E.2d 757, 761 (Ohio Ct. App.

July 15, 2005).

The record shows that on December 26, 2001, Kerby was indicted by a

Clark County Grand Jury on one count of aggravated murder with a firearm

specification; one count of murder with a firearm specification; one count of

aggravated robbery with a firearm specification; one count of tampering with

evidence; and one count of felonious assault with a firearm specification.  (Doc.

#6, Exh. 1 at p. 1).  On December 28, 2001, Kerby was arraigned and entered a

plea of not guilty to all counts.  (*Id.* at p. 2).

On February 5, 2002, Kerby's attorney filed a motion for continuance of Kerby's trial date.  (Doc. #6, Exh. 2).  The trial court granted that motion on February 7, 2002, by entry indicating that Kerby was informed of and waived his right to a speedy trial pursuant to Ohio Rev. Code § 2945.71, *et seq.*  (Doc. #6, Exh. 3).  On December 2, 2002, Kerby again voluntarily waived his right to a speedy trial pursuant to Article 10 of the Ohio Constitution, Amendment VI to the United States Constitution, and Ohio Rev. Code § 2945.71.  (Doc. #6, Exh. 4).

On July 15, 2003, Kerby entered a change of plea from not guilty to no contest as to all counts.  (Doc. #6, Exh. 5).  On July 28, 2003, Kerby was sentenced to 20 years to life for aggravated murder, with an additional three years incarceration for the firearm specification; a concurrent 15 years to life for murder; a concurrent nine years for aggravated robbery; a concurrent two years for tampering with evidence; and a consecutive six years for felonious assault, for an aggregate total of 29 years to life.  (Doc. #6, Exh. 6).

Represented by new appellate counsel, Kerby filed a timely appeal to the Second District Court of Appeals for Clark County, Ohio, raising the following assignments of error:

> I.  Mr. Kerby was denied the effective assistance of
> counsel as guaranteed by Article I, Section 10 of the

-4-

Ohio Constitution and the Sixth and Fourteenth
Amendments to the United States Constitution by virtue
of his attorney's failure to move to dismiss the instant
case in which his right to a speedy trial as guaranteed
by the statutes of Ohio and the Constitutions of the
United States and Ohio was violated.

II. The trial court erred in overruling defendant's
motion to suppress his statement he made to police after
police failed to scrupulously honor his assertion of his
right to cut off questioning.

III. Mr. Kerby's trial attorney provided ineffective
assistance of counsel when he failed to argue that Mr.
Kerby's statement he made to police should have been
suppressed because the police had failed to
scrupulously honor his right to cut off questioning.

IV. Mr. Kerby's trial attorney provided ineffective
assistance of counsel when he failed to argue that Mr.
Kerby's statement to news reporters should have been
suppressed as fruit of the first illegally obtained
confession.

V. Mr. Kerby's trial attorney provided ineffective
assistance of counsel when he failed to argue that Mr.
Kerby's statement to news reporters should have been
suppressed since police failed to administer Miranda
warnings after they brought the reporters and Mr.
Kerby together so the reporters could ask him about the
charges against him.

VI. The trial court erred when it sentenced Mr. Kerby to
consecutive prison terms without stating the reasons in
support of its findings that warranted consecutive
sentences.

(Doc. #6, Exh. 7). Kerby later moved for leave to amend assignment of error VI in

order to add an argument based on *Blakely v. Washington,* 542 U.S. 296 (2004), in his reply brief. (Doc. #6, Exhs. 9, 10).

On July 15, 2005, the Court of Appeals sustained Kerby's second assignment of error, finding that the trial court erred by denying Kerby's motion to suppress the statements that he made to police. (Doc. #6, Exh. 11 at p. 27); *Kerby*, 833 N.E.2d at 771. The state appellate court therefore reversed and remanded the case for further proceedings consistent with that opinion. (*Id.*). The same court also held, however, that Kerby had waived his argument based on *Blakely* because he "did not raise th[at] issue at any time in the trial court below," and thus failed to preserve the claim for appellate review. (Doc. #11 at pp. 36-37); *Kerby*, 833 N.E.2d at 773.

The State filed a timely appeal from that decision to the Ohio Supreme Court, asserting the following single proposition of law in its memorandum in support of jurisdiction:

> A second police custodial interrogation is constitutionally permissible under the Fifth Amendment of the United States Constitution and Article X to the Ohio Constitution where a defendant initiates the second contact with police and where both the first and second interrogations are preceded by an advisement of rights pursuant to *Miranda v. Arizona*[, 384 U.S. 436 (1966),] and a defendant's subsequent confession is not coerced.

(Doc. #6, Exh. 12 at pp. 1, 7). In response, Kerby, again acting through new counsel, filed a combined memorandum in opposition to the State's appeal and in support

of jurisdiction for a cross appeal, setting forth the following propositions of law:

ISSUES RELATED TO THE STATE'S APPEAL

FIRST PROPOSITION OF LAW:  When the police fail to "scrupulously honor" a defendant's assertion of the privilege against self-incrimination, the defendant's subsequent custodial statement to the police may not be admitted into evidence against the defendant.  *Michigan v. Mosely*[, 423 U.S. 96 (1975)]; Fifth and Fourteenth Amendments, United States Constitution; Section 10, Article I, Ohio Constitution.

ISSUES RELATED TO KERBY'S CROSS-APPEAL

SECOND PROPOSITION OF LAW:  When trial counsel fails to raise a meritorious speedy trial issue, trial counsel renders constitutionally deficient and prejudicial performance, in contravention of the Sixth and Fourteenth Amendments, United States Constitution, and Section 10, Article I, Ohio Constitution.

THIRD PROPOSITION OF LAW.    A trial court's imposition of consecutive sentences, which is based on facts not found by the jury or admitted by the accused, contravenes the offender's right to trial by jury, as guaranteed by the Sixth Amendment to the United States Constitution.  *Blakely v. Washington*[, 542 U.S. 296 (2004)].

(Doc. #6, Exh. 13 at pp. ii, 4, 6, 8).  On December 14, 2005, the Ohio Supreme Court

declined to accept the case, dismissing both the appeal and cross appeal as "not

involving any substantial constitutional question."  (Doc. #6, Exh. 15); *State v. Kerby*,

839 N.E.2d 403 [table] (Ohio 2005).

Following that state Supreme Court decision, Kerby filed a motion in the trial

court on June 16, 2006, seeking to dismiss the charges against him based on the State's purported failure to bring him to trial in conformance with Ohio Rev. Code § 2945.71's timeliness provisions. (Doc. #6, Exh. 16). On July 5, 2006, the trial court issued an entry overruling that motion. (Doc. #6, Exh.17). That same date, Kerby appeared before the trial court pursuant to the Court of Appeals' remand decision. (*See* Doc. #6, Exh. 11 at p. 27); *see Kerby*, 833 N.E.2d at 771. Kerby again pled no contest to all charges and was sentenced to an aggregate life term, with parole eligibility after 31 years of incarceration. (Doc. #6, Exhs. 18, 19).

Acting *pro se*, Kerby thereafter timely appealed his case to the Second District Court of Appeals for Clark County, Ohio, a second time, setting forth a single issue articulated as follows:

> Appellant asserts that the trial court must comply with ORC §2945.73(B) whereas failure in the refused [sic] to grant his Motion To Dismiss as required by the statutory speedy trial time. Which states: Upon motion made at or prior to the commencement of trial, a[ ]person be discharged if he is not brought to trial within the time period required by sections 2945.71 and 2945.72 of the Revised Code.

(Doc. #6, Exh. 20 at p. 3). On July 27, 2007, the state appellate court affirmed the judgment of the trial court. (Doc. #6, Exh. 22); *State v. Kerby*, No. 2006CA73, 2007 WL 2163986 (Ohio Ct. App. July 27, 2007).

Kerby filed a timely *pro se* appeal to the Ohio Supreme Court. In his

memorandum in support of jurisdiction, Kerby asserted the following propositions
of law:

> **PROPOSITION OF LAW NO. 1**.  IT WAS A DENIAL OF
> APPELLANT'S ABSOLUTE RIGHT TO PROCEDURAL
> DUE PROCESS OF LAW FOR BOTH THE TRIAL AND
> APPELLATE COURTS NOT TO DISCHARGED [sic] HIM
> FROM CUSTODY IN VIOLATION OF THE OHIO AND
> UNITED STATES CONSTITUTION.
>
> **PROPOSITION OF LAW NO. 2**.  BOTH TRIAL AND
> A P P E L L A T E   C O U N S E L   R E N D E R E D
> CONSTITUTIONALLY INEFFECTIVE ASSISTANCE OF
> COUNSEL WHERE THEY FAILED TO RECOGNIZE,
> ARGUE AND BRIEF THE FACT THAT APPELLANT
> WAS ENTITLED TO BE SENTENCED TO THE
> SHORTEST PRISON TERM AS MANDATED BY OHIO
> REVISED CODE § 2929.14[B] , THE LAW AT THE TIME
> THE OFFENSES OCCURRED.

(Doc. #6, Exh. 23 at pp. 4, 7).  Although the State did not file a memorandum
opposing jurisdiction, on January 23, 2008, the Ohio Supreme Court denied leave to
appeal, dismissing the appeal "as not involving any substantial constitutional
question."  (Doc. #6, Exh. 24); *State v. Kerby*, 879 N.E.2d 783 [table] (Ohio 2008).

On January 26, 2004, Kerby filed in the trial court a *pro se* petition to vacate or
set aside sentence based upon ineffective assistance of counsel, asserting that

> Counsel told me to plea [sic] to a no contest plea to get the
> ball rolling to appeal court and it was my best choice
> because I was never going to win here, you know how
> these small courts are (same words) with clear
> understanding that I can't bring up these issues in appeal

court, "I have a list of the issues."

(Doc. #6, Exh. 25 at p. 3).  On March 25, 2004, the trial court denied all of Kerby's post-conviction motions due to his failure to provide any supporting documentation regarding his claims for relief.  (Doc. #6, Exh. 26).

On August 15, 2008, Kerby filed his instant *pro se* petition for a writ of habeas corpus.  (Doc. #1).  His stated grounds for relief are as follows:

> **GROUND ONE**:  Denial of 14th Amendment Right [t]o Procedural Due Process of Law
>
> > **Supporting facts**:  Where State court allowed original conviction to stand even though Petitioner was deprived of State Speedy Trial right, absolute right to procedural due process of law was denied as guaranteed by the 14th Amendment, U.S. Constitution.
>
> **GROUND TWO**:  Denial of Constitutional [R}ight [t]o Speedy Trial [u]nder [b]oth Ohio and United States Constitution
>
> > **Supporting facts**:  After reversal and remand by State court of appeals[,] Petitioner was a second time deprived of his right to speedy trial under the Ohio and U.S. Constitution because of undue delay and not within a reasonable time frame.
>
> **GROUND THREE**:  C[onsecutive sentences secured in violation of] [14]th A[mendment's] D[ue] P[rocess] C[lause]
>
> > **Supporting Facts**:  State sentencing court exceeded its sentencing authority in imposing consecutive sentences and without subject matter jurisdiction based upon elements never charged in any charging instrument.

**GROUND FOUR**: S[tate court conviction was secured in violation of] 6th & 14th Amendment [right to effective trial & appellate counsel]

> **Supporting Facts**: Both trial and appellate counsel rendered constitu[ ]tionally deficient counseling [sic] where they failed to recognize, argue and brief the fact that the sentencing court was authorized to impose only the shortest prison term under O[hio] R[ev]. C[ode] § 2929.14[B].

(*Id.* at pp. 6, 7, 9, 10).[3]

## APPLICABLE LAW

### The Antiterrorism and Effective Death Penalty Act ["AEDPA"][4]

A federal court may consider a state prisoner's petition for a writ of habeas corpus "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under the AEDPA, a writ of habeas corpus may not issue with respect to any claim adjudicated on the merits in state court unless the adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The phrases "contrary to" and "unreasonable application" have independent meaning:

---

[3]Research reveals that Petitioner subsequently sought to withdraw his no-contest plea, then appealed the trial court's denial of that motion. *See State v. Kerby*, No. 09-CA-59, 2010 WL 2802223 (Ohio Ct. App. July 16, 2010). The Ohio Court of Appeals affirmed the trial court's judgment (*see id.*), and the Ohio Supreme Court declined to review that decision. *State v. Kerby*, 937 N.E.2d 1036 [table] (Ohio 2010). These later decisions, however, are not before this Court.

[4]Codified in large part at 28 U.S.C. § 2254. *See* Pub.L. No. 104-132, 110 Stat. 1214.

> A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the law set forth in . . . [Supreme Court] cases, or if it decides a case differently that we have done on a set of materially indistinguishable facts.  The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from . . . [Supreme Court] decisions but unreasonably applies it to the facts of a particular case.  The focus on the latter inquiry is whether the state court's application of clearly established federal law is objectively unreasonable, and . . . an unreasonable application is different from an incorrect one.

*Bell v. Cone*, 535 U.S. 685, 694 (2002) (citations omitted); *see also Broom v. Mitchell*, 441 F.3d 392, 398 (6th Cir. 2006), *cert. denied*, 549 U.S. 1255 (2007).

"A decision is an 'unreasonable application' of clearly established Supreme Court law if a 'state court correctly identifies the governing legal principle from [Supreme Court's] decisions but unreasonably applies that principle to the facts of [a] prisoner's case.'"  *Gray v. Moore*, 520 F.3d 616, 621 (6th Cir.) (quoting in part *Williams v. Taylor*, 529 U.S. 362, 413 (2000)), *cert. denied*, ___ U.S. ___, 129 S. Ct. 216 (2008).  "An unreasonable application of federal law is one that is 'objectively unreasonable' and not merely incorrect."  *Sinkfield v. Brigano*, 487 F.3d 1013, 1016 (6th Cir.) (citation omitted), *cert. denied*, 552 U.S. 961 (2007).

Where a state court has not articulated its reasons for rejecting a convicted criminal's grounds for appeal, a federal court considering that individual's

subsequent habeas petition should "focus on the result of the state court's decision" to determine whether that decision is contrary to or unreasonably applies clearly established United States Supreme Court precedent, or is based on an unreasonable determination of the facts in light of the evidence presented. *Harris v. Stovall*, 212 F.3d 940, 943 n.1 (6th Cir. 2000), *cert. denied*, 532 U.S. 947 (2001). Such independent review, while "not a full, de novo review of the claims," nonetheless "remains deferential because the court cannot grant relief unless the state court's result is not in keeping with the strictures of the AEDPA." *Id.* at 943.

For purposes of habeas review, a state court's determinations of factual issues are presumed correct, and the petitioner may rebut this presumption only by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). That deference extends to the state court's credibility assessments, *see Seymour v. Walker*, 224 F.3d 542, 553 (6th Cir. 2000), *cert. denied*, 532 U.S. 981 (2001), and to "implicit findings of fact, logically deduced because of the trial court's ability to adjudge the witnesses' demeanor and credibility." *McQueen v. Scroggy*, 99 F.3d 1302, 1310 (6th Cir. 1996), *cert. denied*, 520 U.S. 1257 (1997). "Indeed, the presumption applies with particular force to credibility determinations, as the Supreme Court has ruled that such determinations receive 'special deference' from the federal courts." *Id.* (citing *Patton v. Yount*, 467 U.S. 1025, 1038 (1984)). The same presumption also applies to state appellate courts'

findings of fact made on review of the state trial record. *Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Mason v. Mitchell*, 320 F.3d 604, 614 (6th Cir. 2003).

### Exhaustion, Procedural Default & Waiver

As a general rule, before a federal court will consider a state prisoner's claims on habeas corpus review, that prisoner first must have exhausted the remedies available in the courts of the custodial state. 28 U.S.C. § 2254(a); *see also Franklin v. Rose*, 811 F.2d 322 (6th Cir. 1987). This is necessary in order to give each state "the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (internal citations & punctuation omitted). "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court . . ., alerting that court to the federal nature of the claim." *Id.* (citations omitted). A "fairly presented" federal habeas claim must have been raised before the state courts on the same facts and same legal theory. *Franklin*, 811 F.2d at 325. Accordingly, a federal habeas petitioner must have presented his claim to the state courts as a federal constitutional issue, and not simply as an issue arising under state law, in order to have preserved that claim. *Id.* (quoting *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984)); *see also Prather v. Rees*, 822 F.2d 1418, 1420-24 (6th Cir. 1987).

If a defendant fails to present the state court reviewing his conviction with his

federal claims in accordance with that state's established procedural rules, and if the final state court addressing that defendant's claims holds that such procedural default precludes further consideration of such claims, the federal courts also may not consider the merits of those claims. *Wainwright v. Sykes*, 433 U.S. 72, 86-87 (1977); *Engle v. Isaac*, 456 U.S. 107, 125-29 (1982). Such procedural bars may be imposed for failing to follow state procedural rules during pretrial, trial, or on appeal. *See id.*

When a state alleges that a federal habeas claim is precluded by procedural default, a four-part analysis is required. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). First, the district court must determine that the petitioner failed to comply with a state procedural rule that is applicable to the petitioner's claim. *Id.* Second, the court must decide whether the state courts actually enforced the state procedural sanction. *Id.* Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state may rely to foreclose review of a federal constitutional claim. *Id.* Once the court has determined that a state procedural rule was not complied with and that such rule constitutes an adequate and independent state ground, the petitioner then must demonstrate "cause" for his failure to follow the procedural rule and actual prejudice stemming from the alleged constitutional error in order to proceed in federal court. *Id.*

A state procedural rule must be "'firmly established and regularly followed'"

to constitute an adequate basis for foreclosing habeas review.  *Deitz v. Money*, 391 F.3d 804, 808 (6th Cir. 2004) (quoting *Ford v. Georgia*, 498 U.S. 411, 423-24 (1991)).  A state procedural rule is an independent ground when it does not rely on federal law. *Coleman v. Thompson*, 501 U.S. 722, 732 (1991).

Where a procedural default prevents a habeas corpus petitioner from presenting one or more of his claims to the state courts, he usually may obtain federal review of such claims only by demonstrating cause for the procedural default and actual prejudice resulting from the alleged constitutional error.  *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*, 456 U.S. at 129.  The petitioner bears the burden of overcoming the procedural bar by showing cause <u>and</u> prejudice, so failure to establish cause eliminates the need to consider prejudice.  *Bonilla v. Hurley*, 370 F. 3d 494, 497 (6th Cir.), *cert. denied*, 543 U.S. 939 (2004).  To establish cause to excuse a procedural default, a petitioner must show that some factor external to the defense prevented him from complying with a state procedural rule.  *Id.* at 498.  *Pro se* status is insufficient to establish cause, as are ignorance of the law and of the procedural requirements for filing a notice of appeal.  *Id.* (citing *Hannah v. Conley*, 49 F.3d 1193, 1197 (6th Cir. 1995)).  To show prejudice, a petitioner must show "not merely that the errors created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting the entire proceeding with error of constitutional

dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982).

The United States Supreme Court has recognized "a narrow exception to the cause requirement" only in those cases implicating "fundamental miscarriages of justice" – *i.e.*, "where a constitutional violation has 'probably resulted' in the conviction of one who is 'actually innocent' of the substantive offense," and as to claims of capital sentencing error. *Dretke v. Haley*, 541 U.S. 386, 393 (2004) (citing *Murray*, 477 U.S. at 496; *Sawyer v. Whitley*, 505 U.S. 333 (1992)); *see also McCleskey v. Zant*, 499 U.S. 467, 494-95 (1991).

## ANALYSIS

### Ground One: Denial of Right to Procedural Due Process

Ground One as set forth in Kerby's habeas petition avers that Kerby was denied his 14th Amendment right to due process of law because the "State court allowed [Kerby's] original conviction to stand even though [he] was deprived of [his] State Speedy Trial Right" and his "absolute right to procedural due process of law . . . as guaranteed by the 14th Amendment, U.S. Constitution." (Doc. #1 at p. 6). Respondent argues that any such claim has been procedurally defaulted because Kerby argued his "State Speedy Trial right" claim to the state courts as an error arising under state law, and thus "did not fairly present a federal constitutional

ground for relief" to the state courts. (Doc. #6 at p. 10). Respondent further contends that any claim based on the State of Ohio's failure to bring Kerby to trial within a set number of days consistent with Ohio's speedy trial statute is not cognizable on federal habeas review. (*Id.* at pp. 13-14).

Although Kerby's Ground One claim is stated in broad allegations that leave the basis for such claim open to some interpretation, the Court concurs in Respondent's presumption that Kerby there intended, however inartfully, to present a claim for deprivation of a right under the Sixth Amendment of the United States Constitution. (*See* Doc. #6 at p. 10).[5] In addition, Ground One appears to be directed toward the Ohio Court of Appeals' decision on Kerby's <u>first</u> direct appeal, given that Ground Two refers to Kerby having been deprived of his speedy trial right "a second time" and thus appears to allege error in the state appellate court's <u>second</u> decision with respect to Kerby's speedy trial right. (*See* Doc. #6 at pp. 10-11; Doc. #1 at pp. 6, 7).

As Respondent also recognizes (*see* Doc. #6 at p. 11), Petitioner's Ground One assertion that the state court "allowed his original conviction to stand" (Doc. #1 at p. 6) is inaccurate, given that the Ohio Court of Appeals in fact reversed and

---

[5]As did Respondent (*see* Doc. #6 at p. 10), the Court reaches this conclusion based in part on the fact that the record does not show, nor has Kerby suggested in any previous challenges to his conviction, that the proceedings in his criminal case involved any "pre-accusation delay" that might raise due process concerns. *See, e.g., United States v. Lovasco,* 431 U.S. 783, 790-91 (1977).

remanded Kerby's original conviction, finding that the trial court erred by denying Kerby's motion to suppress a statement that he had made to police.  (Doc. #6, Exh. 11 at p. 37); *Kerby*, 833 N.E.2d at 771.  Accordingly, Kerby will be presumed to have intended in Ground One of his petition to this Court to argue that the state appellate court hearing his first appeal should have reversed his original conviction on speedy trial grounds as well as the suppression ground it sustained.  (*See* Doc. #6 at p. 11).

As Petitioner filed no reply to Respondent's return of writ that addressed his Ground One and Two contentions premised on the foregoing assumptions, the Court, too, will analyze Petitioner's claims on that uncontested basis.

### First Speedy Trial Claim Under U.S. Constitution

In *Barker v. Wingo,* 407 U.S. 514 (1972), the United States Supreme Court outlined standards applicable to the "slippery" right to a speedy trial under the Sixth Amendment to the United States Constitution.[6]  *Id.* at 522.  Relevant factors to be balanced by the courts include the "[l]ength of the delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant."  *Id.* at 530.

_____

[6]As Respondent's return of writ notes (*see* Doc. #6 at p. 34, n.4), these facts also suggest a possible claim under the Due Process Clause of the Fifth Amendment.  *See United States v. Sanders*, 452 F.3d 572, 579-81 (6th Cir. 2006) (holding that the Due Process Clause rather than the *Barker* test, *supra*, applies to delays in resentencing), *cert. denied*, 550 U.S. 920 (2007). Nevertheless, the Court finds not only that Petitioner failed to raise such a claim, but also that any Fifth Amendment due process claim would fail on its merits under the circumstances present here.  *See id.* at 582 (holding that even a four-year delay between remand and resentencing did not violate due process absent government bad faith or prejudice to the defendant).

Nevertheless, the state appellate courts' ability to enforce that valid right following a defendant's conviction depends on the defendant's fair presentation to those courts of his speedy trial claim as a federal constitutional issue. *See Franklin*, 811 F.2d at 325; *see also Whiting v. Burt*, 395 F.3d 602, 612-13 (6th Cir. 2005) (citing *Baldwin*, 541 U.S. at 29). The Sixth Circuit has articulated a four-part test for determining whether a petitioner has "properly asserted both the factual and legal basis [in state court] for his [constitutional] claim." *Whiting*, 395 F.3d at 613. The petitioner's claim as set forth in the state court should be examined for (1) reliance upon federal cases employing constitutional analysis; (2) reliance upon state cases employing federal constitutional analysis; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; and (4) alleging facts well within the mainstream of constitutional law. *Id.* (quoting *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000)). Inserting constitutional catch phrases such as "fair trial" or "due process of law" within essentially non-constitutional arguments does not suffice to raise a federal constitutional issue. *Blackmon v. Booker*, 394 F.3d 399, 401 (6th Cir. 2004).

Careful examination of the arguments advanced on Kerby's first appeal confirms Respondent's contention that Petitioner did not fairly present a federal constitutional claim for relief on speedy trial grounds to the Ohio courts. In his first

appeal's supporting brief, Kerby raised the prospect of a speedy trial violation only in a limited context, outlined in his first assignment of error – *i.e.*, that Kerby was denied effective assistance of counsel by virtue of his trial attorney's failure to move to dismiss the charges against him due to a violation of Kerby's right to a speedy trial "as guaranteed by the statutes of Ohio and the Constitutions of the United States and Ohio." (Doc. #6, Exh. 7 at pp. I, 8). Aside from that unelaborated allusion to the U.S. Constitution, however, Kerby's appellate brief made no further reference to federal speedy trial concerns, instead restricting Kerby's arguments about his purported speedy trial violation to an analysis of the proper calculation of days under Ohio Rev. Code § 2945.71, the <u>state</u> speedy trial statute. (*See* Doc. #6, Exh. 7 at pp. 8-14). For example, in the opening sentence of his speedy trial argument within that brief, Kerby averred that his trial counsel was ineffective specifically because "he failed to file a motion to dismiss Mr. Kerby's case on speedy trial grounds <u>pursuant to {Ohio] R[ev]. C[ode §] 2945.71</u>." (*Id.* at p. 8) (emphasis added). While Kerby's brief thereafter cited five federal constitutional cases, each of those cases concerned motions to suppress or ineffective assistance of counsel standards, <u>not</u> constitutional speedy trial issues.[7] All of the Ohio cases cited in Kerby's brief

---

[7]*I.e., Strickland v. Washington*, 466 U.S. 668 (1984) (Doc. #6, Exh. 7 at pp. 8, 19, 20); *Michigan v. Mosley*, 423 U.S. 96 (1975) (Doc. #6, Exh. 7 at pp. 14, 17, 18); *Miranda v. Arizona*, 384 U.S. 436 (1966) (Doc. #6, Exh. 7 at pp. 14, 20); *Rhode Island v. Innis*, 446 U.S. 291 (1980) (Doc. #6, Exh. 7 at pp. 15, 16, 20-21); *United States v. Bayer*, 331 U.S. 532 (1947) (Doc. #6, Exh. 7 at p. 20).

also were silent as to federal speedy trial concerns.  (*See* Doc. #6, Exh.  7).

Despite recognizing that states "are free to prescribe a reasonable period consistent with constitutional standards" for commencing criminal trials, the United States Supreme Court has found explicitly that there is "no constitutional basis for holding that the speedy trial right can be quantified into a specified number of days or months." *Barker*, 407 U.S. at 523.  Accordingly, by pursuing his claims under the "State Speedy Trial right" provided by Ohio Rev. Code § 2945.71 rather than relying on the enumerated factors relevant to the federal constitutional speedy trial guarantee – *i.e.*, length of delay, reason for delay, defendant's assertion of right, and prejudice to defendant, *Barker*, 407 U.S. at 530 – Kerby failed to advance any substantive federal constitutional issue on speedy trial grounds.

Not surprisingly, given Kerby's omission of federal constitutional arguments as to that issue, the state appellate court's analysis of Kerby's first appeal also is conspicuously devoid of any mention of a federal constitutional violation implicated by the delay of Kerby's trial.  (*See* Doc. #6, Exh. 11); *Kerby*, 833 N.E.2d at 757. Instead, the state appellate court limited its consideration of Kerby's speedy trial claim to an exhaustive analysis under Ohio's speedy trial statute, ultimately concluding that Kerby had waived his rights under Ohio Rev. Code § 2945.71. (Doc. #5, Exh. 11 at pp. 5-17).  Because the restricted scope of the speedy trial arguments

presented in Kerby's state appellate brief led the state court of appeals to address his claim as one relying solely on the provisions of Ohio Rev. Code § 2945.71, Petitioner did not fairly present his speedy trial arguments as a federal constitutional claim to the state courts. *See Franklin*, 811 F.2d at 325.

Respondent urges that Petitioner's omission in that regard amounts to a procedural default that precludes this Court from considering the merits of Petitioner's Sixth Amendment speedy trial claim. *See Wainwright*, 433 U.S. at 86-87; *Engle*, 456 U.S. at 125-29. Under *Maupin*, the Court must consider whether the Ohio state courts enforced an applicable state procedural rule with which Kerby failed to comply, and whether that procedural forfeiture is an "adequate and independent" state ground for foreclosing habeas review of Kerby's federal constitutional claim. 785 F.2d at 138. If so, this Court may consider Kerby's Sixth Amendment speedy trial claim only if he shows cause for his failure to follow Ohio's rule, and actual prejudice stemming from the alleged constitutional error. *Id.*

A criminal defendant is deemed to have committed a procedural default under Ohio's doctrine of *res judicata* by omitting on direct appeal claims that appear on the face of the trial record. *Williams v. Bagley*, 380 F.3d 932, 966-67 (6th Cir. 2004), *cert. denied*, 544 U.S. 1003 (2005). Moreover, the Sixth Circuit has held "that *res judicata* is an adequate and independent state ground for barring habeas review of

constitutional claims." *Id.* (citing *Coleman*, 288 F.3d at 427, 429).

As a result, this Court concludes that Kerby committed a procedural default by failing on his first direct appeal to fairly present a potential federal constitutional speedy trial claim that would have been apparent on the face of the trial record. Kerby has not alleged cause for his procedural default, nor prejudice or fundamental unfairness resulting therefrom (*see* Doc. #1), and in light of Kerby's plea (Doc. #6, Exh. 18), no valid basis exists for presuming prejudice, much less "actual innocence." *See Dretke*, 541 U.S. at 393.

Kerby's procedural default in failing to fairly present a federal constitutional speedy trial claim to the Ohio courts precludes this Court from considering that claim on habeas review, and Respondent's request that the petition be denied on that basis as to any such claim is well taken. *See Maupin*, 785 F.2d at 138.

## *Speedy Trial Claim Under Ohio Law*

Notwithstanding Kerby's procedural default as to any federal speedy trial claim preceding his original plea, Ground One of Kerby's habeas petition still can be read to allege a properly-preserved claim for violation of state law due to failing to bring Kerby to trial within a certain number of days. Respondent correctly argues, however, that such claim is not cognizable on a petition for habeas relief. (Doc. #6 at pp. 15-16).

Federal courts are not the proper forum for relief from state law errors.  *See Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) ("[F]ederal habeas corpus relief does not lie for errors of state law"); *see also Pulley v. Harris*, 465 U.S. 37, 41 (1984).  Rather, in conducting habeas review, a federal court is limited to deciding whether the petitioner's conviction violated the Constitution or treaties of the United States. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

Here, Petitioner's allegation that the delay of his first trial violated Ohio Rev. Code § 2945.71 will not sustain a claim for federal habeas corpus relief.  "The question of whether [a] state violated its own speedy trial statute is a matter for th[at] state['s] courts."  *Mathews v. Lockhart*, 726 F.2d 394, 396 (8th Cir. 1984). Accordingly, to the extent that Kerby's speedy trial claim may be based on an alleged violation of Ohio statutory law requiring that a criminal defendant be brought to trial within a specified number of days, such claim is not cognizable in this federal action.

Kerby's Ground One thus should be denied in its entirety.

Ground Two: Denial of Constitutional Right to Speedy Trial

The second ground set forth in Kerby's habeas petition contends that after the Ohio appellate court reversed his original conviction, "Petitioner was a second time deprived of his right to speedy trial under the Ohio and U.S. Constitution" while

awaiting the trial court's action on remand.  (Doc. #1 at p. 6).[8]  For reasons
essentially echoing those discussed with respect to Petitioner's Ground One, *supra*,
Respondent counters that Kerby has procedurally defaulted this Ground Two issue
by failing to fairly present the Ohio Court of Appeals with his speedy trial challenge
to his <u>second</u> plea as a federal constitutional issue rather than as one arising strictly
under Ohio Rev. Code § 2945.71.  (Doc. #6 at pp. 16-19).

A review of the record, however, undermines Respondent's position.  On
remand after the partial success of his first appeal (*see* Doc. #6, Exh. 11 at p. 37); *see
Kerby*, 833 N.E.2d at 771, Kerby moved in the trial court to dismiss the charges
against him "for failure to bring Defendant to Trial pursuant to ORC Sec. 2945.71"
[*i.e.*, Ohio's speedy trial statute].  (Doc. #6, Exh. 16).  The trial court denied that
motion, based both on finding Section 2945.71 inapplicable to retrials <u>and</u> rejecting
"constitutional speedy trial grounds as well."  (Doc. #6, Exh. 17).  After entering a
second no contest plea (Doc. #6, Exhs. 18, 19), Kerby again appealed to the Ohio
appellate court, this time urging that the trial court erred by refusing to grant
Kerby's motion to dismiss brought under Ohio Rev. Code § 2945.73(B), based on the
state's alleged failure to retry him within "the statutory speedy trial time" specified

---

[8]As explained in the lead-in to the analysis of Ground One, *supra*, the Court deduces that
Petitioner's Ground Two targets solely the six-plus month delay between the Ohio Supreme
Court's December 14, 2005 decision regarding Kerby's original appeal (Doc. #6, Exh. 15); *Kerby*,
839 N.E.2d 403, and Kerby's second plea on July 5, 2006.  (Doc. #6, Exhs. 18, 19).

at "sections 2945.71 and 2945.72 of the Revised Code." (Doc. #6, Exh. 20 at p. 3).

On its face, Kerby's brief in support of his second appeal once again arguably articulated purely state law arguments as to why the delay preceding his trial after remand should be deemed to violate his right to a speedy trial. (*See* Doc. #6, Exh. 20). This time, however – despite acknowledging the state-law basis for Kerby's speedy trial contentions (*see* Doc. #6, Exh. 22 at p. 4) – the Ohio Court of Appeals nonetheless chose to look beyond the provisions of Ohio's speedy trial statute. (*See id.* at pp. 5-6); *Kerby*, 2007 WL 2163986 at *3. Noting that "[t]he time limitation for bringing the appellant to trial is governed by the Sixth Amendment of the United States Constitution," that court expressly cited the *Barker* factors as the proper standard for determining whether a particular delay in bringing a defendant to trial was "a reasonable period consistent with constitutional standards." (*See* Doc. #6, Exh. 22, pp. 4-5); *Kerby*, 2007 WL 2163986 at *3.[9] The appellate court then proceeded to "agree with the rationale of the trial court," finding "that there is nothing about the delay of Kerby's trial upon remand which is presumptively prejudicial," and that such delay was "constitutionally reasonable," meaning that Kerby's speedy trial right was not violated. (*Id.* at 5-6); *Kerby*, 2007 WL 2163986 at *3. Given that the

---

[9]Indeed, Respondent concedes that "the state Court of Appeals, without being invited to do so by Kerby, conducted a reasonableness analysis under [the] <u>federal</u> and state constitutions." (Doc. #6 at p. 19) (emphasis added).

"presumptively prejudicial" standard applied by that court was derived directly from *Barker*, 407 U.S. at 530-31, there can be little question that the Ohio Court of Appeals recognized and addressed the constitutional implications of Kerby's speedy trial claim. (*See* Doc. #6, Exh. 20 at pp. 5-6); *see Kerby*, at 2007 WL 2163986 at *3.

Although Petitioner's omission of federal constitutional arguments from his second appellate brief ordinarily would constitute a procedural default as his federal speedy trial claim, "[t]he mere existence of a basis for a state procedural bar does not deprive [federal courts] of jurisdiction; the state court must actually have <u>relied</u> on the procedural bar as an independent basis for its disposition of the case." *Caldwell v. Mississippi*, 472 U.S. 320, 327 (1985) (emphasis added). Accordingly, any federal constitutional basis for Kerby's second speedy trial claim cannot be deemed waived unless "the last state court rendering a reasoned judgment on the matter . . . 'clearly and expressly' state[d] that its judgment rests on such a procedural bar." *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000) (citing *Coleman v. Thompson*, 501 U.S. 722, 735 (1991)).

Because the Supreme Court of Ohio declined to review the court of appeals' decision, the court of appeals' decision represents the last "reasoned judgment" by a state court on the speedy trial issue raised in Petitioner's second state appeal. By addressing the merits of Kerby's second speedy trial claim under constitutional

standards, the Ohio Court of Appeals opted <u>not</u> to rely on the procedural bar of Kerby's omissions, and this Court therefore cannot presume that claim to be waived.

As a result, one aspect of Petitioner's challenge to his conviction on speedy trial grounds remains properly preserved for habeas review – *i.e.*, whether the delay between the Ohio Supreme Court's decision on Kerby's first appeal and Kerby's second no contest plea violated his Sixth Amendment right to a speedy trial. This Court concludes that it did not. Again, the Ohio Supreme Court's decision declining to hear Kerby's first appeal was issued on December 14, 2005, and Kerby entered his second no contest plea on July 5, 2006. (*See* n.8, *supra*). According to the United States Supreme Court, "[t]he length of the delay" before trial "is to some extent a triggering mechanism," such that absent "delay which is presumptively prejudicial, there is no necessity for inquiry into the other [*Barker*] factors." *Barker*, 407 U.S. at 530. Precedent in this Circuit holds that even a four-year delay between remand and resentencing will not raise federal constitution concerns absent government bad faith or prejudice to the defendant. *Sanders*, 452 F.3d at 582.

Petitioner has not identified any way in which he allegedly was prejudiced by the delay of less than seven months at issue here (*see* Doc. #1), and this Court concludes that no such prejudice can be presumed under the circumstances that appear in Kerby's case. As the Supreme Court has observed, "[d]elay is not an

uncommon defense tactic," so that in some instances deprivation of the right to a speedy trial even "may work to the accused's advantage." *Barker*, 407 U.S. at 521. Especially in light of Kerby's own acquisition of new defense counsel during the gap between the Ohio Supreme Court's decision and his motion to dismiss, *see Kerby*, 2007 WL 2163986, at *3, the Court holds that the delay of slightly more than six months before Petitioner's second no-contest plea did not offend his Sixth Amendment right to a speedy trial. As such, the federal speedy trial claim that is the only aspect of Petitioner's Ground Two properly before this Court is not well taken.

Additionally, as discussed *supra* with respect to Ground One, to the extent that Petitioner is attempting to present a claim for violation of Ohio law due to the delay preceding his second plea, such claim is not cognizable on a petition for habeas relief. *See Lewis*, 497 U.S. 764; *Pulley*, 465 U.S. at 41; *Estelle*, 502 U.S. at 67-68. Ground Two of Kerby's petition for writ of habeas corpus thus should be denied with prejudice in its entirety.

Grounds Three & Four: Consecutive Sentences/Ineffective Assistance of Counsel

Addressing Kerby's two remaining habeas claims together, Respondent first argues that Kerby has procedurally defaulted both because his second appeal failed to fairly present either a consecutive sentencing issue [Ground Three] or an ineffective assistance of counsel issue [Ground Four] to the Ohio Court of Appeals.

(Doc. #6 at pp. 19-24, citing Exh. 20). As noted *supra*, the state appellate court overruled what it found to be the "sole assignment of error" raised in Kerby's second appeal (Doc. #6, Exh. 22 at p. 6) – "that the trial court erred in denying him the right to a speedy trial." (*Id.* at p. 4).

In seeking to appeal from that decision to the Ohio Supreme Court, Kerby did introduce a new, additional argument, contending in conjunction with *Blakely,* 542 U.S. 296, that he was denied effective assistance of counsel when both his trial and appellate[10] attorneys failed to argue that Kerby should have received the shortest prison term available under Ohio Rev. Code § 2929.14(B). (Doc. #6, Exh. 23 at p. 7). As Respondent accurately asserts, the Ohio Supreme Court ordinarily declines to consider constitutional arguments not first raised in and decided by the Ohio Court of Appeals. *See, e.g., State v. Williams,* 364 N.E.2d 112 (Ohio 1977), *vacated in part on other grounds,* 438 U.S. 911 (1978); *Carnail v. Bagley,* No. 1:02CV1411, 2006 WL 1876546, at *2 (N.D. Ohio July 3, 2006). As a result, Kerby's failure to properly present the Ohio Court of Appeals with challenges to his conviction and sentence

---

[10]Because Kerby appeared *pro se* with respect to all aspects of his second appeal (*see* Doc. #6, Exhs. 20, 23), the Court presumes that any claim for ineffective assistance of appellate counsel must be premised on the performance of Kerby's attorney during his <u>first</u> appeal. However, the record reflects that Kerby's original appeal to the Ohio Court of Appeals was amended to include a sentencing challenge brought under *Blakely v. Washington.* (*See* Doc. #6, Exh. 9, Exh. 10 at p. 6). Although his original appeal was unsuccessful as to that particular issue due to waiver by trial counsel (*see id.*, Exh. 11 at pp. 36-37), appellate counsel <u>did</u> succeed in having Kerby's conviction reversed and remanded on other grounds. (*See id.* at pp. 21-27).

on these bases amounted to a procedural default to as Kerby's Grounds Three and Four consecutive sentencing and ineffective of assistance counsel claims.

For Kerby's failure to comply with Ohio procedure to serve as a bar to habeas review, however, the standards set forth in *Maupin*, 785 F.2d at 138, must be satisfied. The records shows that the Ohio Supreme Court denied Kerby leave to appeal and dismissed the *Blakely* claim now presented in Grounds Three and Four of his habeas petition. (*See* Doc. #6, Exh. 23 at pp. 7-3; Exh. 24); *see Kerby*, 879 N.E.2d 783. This Court may assume that the Ohio Supreme Court thereby intended to enforce its own procedural bar and dismissed these federal claims because Kerby failed to raise them in the state court of appeals. *See Simpson v. Sparkman*, 94 F.3d 199, 203 (6th Cir. 1996). Accordingly, the first two *Maupin* factors have been met.

As recognized by the federal district court in *Carnal, supra*, the Ohio Supreme Court's refusal to consider criminal constitutional questions first introduced in that Court is "an established rule of long standing." 2006 WL 1876546, at *2. As such, that rule is an adequate and independent ground representing a legitimate state interest. *See Maupin*, 7895 F.2d at 138; *see also Baker v. Voorhies*, 392 F. App'x 393, 403-04 (6th Cir. 2010) (holding that habeas petitioner procedurally defaulted *Blakely* claim by failing to raise that claim on direct appeal). Kerby has not shown cause for his own procedural default during his *pro se* second appeal, and in light of his no-

contest plea, there also is no suggestion that he actually is innocent of the charges against him.  Accordingly, all *Maupin* factors are satisfied as to Grounds Three and Four of Kerby's habeas petition, and this Court concludes that those grounds have been procedurally defaulted for purposes of federal habeas review.

Nevertheless, this Court also recognizes that in circumstances unique to appeals based on the principles enunciated in *Blakely v. Washington,* 542 U.S. 296, some panels of the United States Court of Appeals have evinced reluctance to hold that a petitioner's state court waiver of potential *Blakely* claims should preclude federal habeas review.  Relying on the observation that, after deciding *State v. Foster*, 845 N.E.2d 470 (Ohio 2006),[11] the Ohio Supreme Court "remanded numerous cases for re-sentencing, regardless of defendants' waiver of their *Blakely* arguments," certain decisions have found that "waiver on appeal of a *Blakely* challenge is not a procedural bar that the state of Ohio regularly enforced."  *Smith v. Moore*, No. 08-4494, 2011 WL 338443, at *4 (6th Cir. Feb. 4, 2011) (citing *State v. Payne*, 873 N.E.2d 306, 309 (Ohio 2007)).  Such decisions would imply that *Maupin*'s requirement that the purported state procedural bar be "firmly established and regularly followed" cannot be satisfied as to Kerby's claim that his attorneys' failure to challenge his consecutive sentences under *Blakely* principles violated his right to effective

---

[11]In *Foster*, 845 N.E.2d at 494, the Ohio Supreme Court found its own sentencing scheme to be unconstitutional in light of *Blakely*, 542 U.S. 296.

assistance of counsel.  *See Deitz*, 391 F.3d at 808; *see also Smith*, 2011 WL 338443, at *4 n.1 ("The *Maupin* analysis governs" whether a *Blakely* claim first raised in the Ohio Supreme Court "was properly preserved for . . . review on habeas corpus.").

As noted *supra*, this Court concurs with those federal appellate panels concluding that waived *Blakely* claims such as Kerby's are <u>not</u> eligible for habeas review.  *See Baker*, 392 F. App'x at 403-04.  In light of divergent case law on this issue, however, this Court also has considered whether Kerby's attorneys provided ineffective assistance by failing to challenge the trial court's imposition of consecutive sentences, and has concluded that such claims lack substantive merit.

The constitutional standard for effective assistance of counsel is articulated in *Strickland v. Washington,* 466 U.S. 668 (1984).  To prevail on a claim for denial of his constitutional right to counsel, a habeas petitioner first must establish that his counsel's performance was deficient, meaning that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed [ ] by the Sixth Amendment."  *Id.* at 687.  Second, the petitioner must show that he was prejudiced by that deficient performance – *i.e.*, that "counsel's errors were so serious as to deprive the defendant of a fair trial . . . whose result is reliable."  *Id.*  Establishing prejudice requires the petitioner to show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have

been different." *Id.* at 694.  A "reasonable probability" is one "sufficient to undermine confidence in the outcome." *Id.*  A petitioner's failure to satisfy either *Strickland* prong relieves the court of the need to consider the other. *Id.* at 697.

In order for Kerby's counsel to have performed deficiently by failing to raise a *Blakely* claim on Kerby's behalf, then, Kerby must have a potentially viable challenge to his sentence based on *Blakely*'s holding.  This Court concludes that he does not.  By the time that Kerby was resentenced on July 5, 2006 (*see* Doc. #6, Exh. 18), the Ohio Supreme Court already had decided *Foster*,[12] thereby resolving the question of *Blakely*'s implications for Ohio's approach to imposing consecutive sentences.  *See* 845 N.E.2d 470.  In *Foster*, that Court made clear that although Ohio Rev. Code § 2929.14(B) was unconstitutional in accordance with *Blakely*, Ohio trial judges nonetheless retained "full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." *Id.* at 498. Because Kerby's sentence following his second plea fell within the specified parameters, consistent with *Foster*, the trial court did <u>not</u> violate Kerby's right to due process as delineated in *Blakely* by imposing consecutive sentences.  Moreover, in *Oregon v. Ice*, 555 U.S. 160, 129 S. Ct. 711 (2009), the United States Supreme Court

---

[12]The decision in *Foster* was issued on February 27, 2006.

held that the imposition of consecutive sentences for multiple offenses on the basis of facts found by a state trial court, rather than a jury, does not amount to a violation of the federal constitutional right to a jury trial.  *Id.* at 162.  Kerby therefore cannot prevail on Ground Three of his habeas petition.

Having concluded that Kerby's *Blakely* argument would not succeed on its merits, the Court also concludes that none of the attorneys who represented Kerby with respect to his criminal case can be considered to have performed deficiently by failing to raise such an argument.  First, as observed at n.10, *supra*, Kerby's appellate counsel on his original appeal <u>did</u> raise a *Blakely* challenge to Kerby's original sentence.  (*See* Doc. #6, Exhs. 9, 10).  The Ohio Court of Appeals rejected that challenge due to waiver of the issue by Kerby's trial counsel, not because of any omission by appellate counsel.  (*See* Doc. #6, Exh. 11 at pp. 36-37).  Kerby has identified no factual basis for finding that his appellate counsel committed any error with respect to a potential *Blakely* defense.

In addition, the United States Court of Appeals for the Sixth Circuit has held multiple times "that an Ohio attorney was not ineffective for failing to anticipate the outcome in *Foster*" that found Ohio's sentencing scheme to be unconstitutional.  *See Baker*, 392 F. App'x at 395 (citing *Henley v. Brunsman*, 379 F. App'x 479 (6th Cir. 2010); *Thompson v. Warden*, 598 F.3d 281, 285-86 (6th Cir. 2010); *Benning v. Warden*, 345 F.

App'x 149, 157 (6th Cir. 2009)). The trial court imposed Kerby's original sentence on July 28, 2003 (Doc. #6, Exh. 6), over 30 months before the Ohio Supreme Court's decision in *Foster* put criminal defense attorneys on notice of the potential for a successful *Blakely* defense to sentences imposed under Ohio statutory law. Kerby's original trial counsel thus cannot be deemed ineffective with respect to that issue.

Moreover, because the prison term Kerby received upon re-sentencing conformed to constitutional principles as enunciated in *Foster* and *Blakely*, counsel's failure to anticipate and/or assert a *Blakely* challenge had no effect on the sentence that Kerby ultimately received. Kerby thus also cannot show prejudice attributable to this purported oversight by counsel, and absent prejudice, Kerby was not denied his constitutional right to effective assistance of counsel. *See Strickland,* 466 U.S. at 687, 697. Ground Four of Kerby's habeas petition thus also lacks merit.

**IT THEREFORE IS RECOMMENDED THAT:**

1.   Petitioner William R. Kerby's petition for writ of habeas corpus (Doc. #1) be DENIED with prejudice in its entirety;

2.   This case be TERMINATED on the docket of this Court; and

3.   No certificate of appealability issue in conjunction with this matter.


April 28, 2011                                    ___s/Sharon L. Ovington_____
                                                         Sharon L. Ovington
                                                  United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen (14) days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen (17) days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).